UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-07416 BRO (JCGx) | Date | September 4, 2014 |
|---|---|---|---|
| Title | MATEI GEANTA ET AL. V. COMPASS HEALTH, INC. ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

# ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [28]

Pending before the Court is Defendant Compass Health, Inc.'s Motion to Dismiss (Dkt. No. 28) Plaintiff Matei Geanta's First Amended Complaint (Dkt. No. 10).  After consideration of the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for resolution without oral argument of counsel.  Fed. R. Civ. P. 78; C.D. L.R. 7-15.  For the following reasons, Defendant's motion is **GRANTED**.

## I.     BACKGROUND

### A. Factual Background

Plaintiff Matei Geanta ("Geanta") is a California resident domiciled in Santa Barbara County, California.  (First Am. Compl. ¶ 5.)  Defendant Compass Health, Inc. ("Compass") is a licensed California corporation that operates skilled nursing and assisted living facilities in Santa Barbara County, California; San Luis Obispo County, California; and elsewhere in the United States.  (First Am. Compl. ¶ 6.)

Geanta alleges that he and other similarly situated hourly, non-exempt employees were subject to numerous improper labor practices whereby Compass deprived its employees of compensation and benefits to which they were entitled.  (First Am. Compl. ¶ 8.)  Compass employed Geanta from September 2011 to July 2013 and is the sole named representative in this class action.  (First Am. Compl. ¶ 5.)

Geanta and his putative class qualified as a class in a substantially similar action, which reached an approved settlement on May 14, 2014.  *See Marlys Jean Tacker &*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-07416 BRO (JCGx) | Date | September 4, 2014 |
|---|---|---|---|
| Title | MATEI GEANTA ET AL. V. COMPASS HEALTH, INC. ET AL. | | |

*Jenny Gonzalez v. Compass Health, Inc.*, No. 2:13-cv-02261-BRO-JCG (Dkt. No. 40).[1] The terms of the *Tacker* settlement released all class members' claims prior to January 6, 2014. *Id.* at 5. Only two class members opted out of the settlement prior to its approval, representing less than 0.08% of the total class. *Id.* at 4.

### B. Procedural Background

Geanta filed his Complaint on October 7, 2013, and the case was assigned to the Honorable Dale S. Fischer. (Dkt. No. 1.) This case was then found to be related to *Tacker* and was thus transferred to this Court on October 24, 2013. (Dkt. No. 8.) Geanta filed his First Amended Complaint on November 15, 2013. (Dkt. No. 10.) On February 7, 2014, this Court granted Compass's motion to stay the proceedings pending an approved settlement in *Tacker*. (Dkt. No. 23.) Now that this Court has approved the *Tacker* settlement, Compass moves to dismiss Geanta's action for lack of subject matter jurisdiction. (Dkt. No. 28.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed if the court lacks subject matter jurisdiction to adjudicate the underlying claims. Once subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "the party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists"). Accordingly, the Court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

In evaluating a Rule 12(b)(1) motion, the question of whether the court must accept the complaint's allegations as true turns on whether the challenge is facial or

---

[1] "On a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings." *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). "In particular, we 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Boreno, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)). Accordingly, the Court takes judicial notice of its prior order. *See* Fed. R. Evid. 201.

Case 2:13-cv-07416-BRO-JCG  Document 31  Filed 09/04/14  Page 3 of 8  Page ID #:582

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-07416 BRO (JCGx) | Date | September 4, 2014 |
|---|---|---|---|
| Title | MATEI GEANTA ET AL. V. COMPASS HEALTH, INC. ET AL. | | |

factual. A facial attack is one in which subject matter jurisdiction is challenged solely on the allegations in the complaint, attached documents, and judicially noticed facts. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the moving party asserts that the lack of federal subject matter jurisdiction appears on the "face of the pleadings." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In the case of a facial attack, the court is required to accept as true all factual allegations set forth in the complaint. *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005).

"Standing is a threshold matter central to subject matter jurisdiction." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007). In order to establish standing, a "plaintiff must have suffered an injury in fact . . . which is (a) concrete and particularized, and (b) actual or imminent . . . [and] there must be a causal connection between the injury and the conduct complained of . . . [and] it must be likely . . . that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations and quotation marks omitted) (emphasis added). Thus, a plaintiff asserting subject matter jurisdiction must demonstrate that it has a "legally cognizable interest, or 'personal stake' in the outcome of the action." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (citations omitted).

## III.   REQUEST FOR JUDICIAL NOTICE

Defendants have requested that this Court take judicial notice of various publicly filed documents in support of their motion to dismiss. (Dkt. No. 28-2.) When considering a motion to dismiss, a court typically does not look beyond the complaint in order to avoid converting a motion to dismiss into a motion for summary judgment. *See Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n Solimino*, 501 U.S. 104 (1991). Notwithstanding this precept, a court may properly take judicial notice of (1) material which is included as part of the complaint or relied upon by the complaint, and (2) matters in the public record. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001). Under Federal Rule of Evidence 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy

Case 2:13-cv-07416-BRO-JCG Document 31 Filed 09/04/14 Page 4 of 8 Page ID #:583

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-07416 BRO (JCGx) | Date | September 4, 2014 |
|---|---|---|---|
| Title | MATEI GEANTA ET AL. V. COMPASS HEALTH, INC. ET AL. | | |

cannot reasonably be questioned." Further, a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *See* Fed. R. Evid. 201(c)(2); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014).

The documents of which Defendants request the Court to take judicial notice include (1) a prior order staying the instant case; (2) a prior order regarding transfer pursuant to a general order; (3) the complaint of plaintiffs Marlys Jean Tacker and Jenny Gonzalez in the *Tacker* matter; (4) the First Amended Complaint in this action; (5) the supplemental declaration of Hernando Baltodano in support of preliminary approval of the *Tacker* action; (6) Plaintiff's objection to the preliminary approval of the *Tacker* action; (7) Plaintiff's notice opting out of the settlement in the *Tacker* action; and (8) the order granting final approval of the *Tacker* action. (Dkt. Nos. 28-2, 28-3.) Several of these documents are prior orders from this case, and the Court does not need to take judicial notice of these documents to consider them. The remaining documents are filings from the related *Tacker* matter. With the exception of the Baltodano declaration, the Court takes judicial notice of these documents as public records. *See Trigueros*, 658 F.3d at 987. A court may not, however, take judicial notice of the contents of declarations filed in other cases without an independent basis for doing so. *See Bass v. Cnty. of Butte*, CIV-S-02-2443 DFL/CG, 2004 WL 1925468, at *2 n.2 (E.D. Cal. Aug. 6, 2004) ("[Plaintiff] seeks judicial notice of a declaration produced in another case in this district. But the court may only take judicial notice of the existence of the document as a public record—there must be an independent basis for taking notice of the facts referenced in the declaration."). Moreover, "a court may not take judicial notice of a fact that is 'subject to reasonable dispute.'" Fed. R. Evid. 201(b). *Lee*, 250 F.3d at 689. Accordingly, the Court does not consider the Baltodano declaration to the extent that it is presented to prove the truth of the facts asserted.

## IV. DISCUSSION

Compass moves to dismiss Plaintiff's First Amended Complaint on the basis that res judicata and subject matter jurisdiction issues raised by the *Tacker* settlement have rendered Geanta unable to represent the putative class as constituted. (Def.'s Mem. at 4:16, 5:23–24.) The Court will discuss each issue in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-07416 BRO (JCGx) | Date | September 4, 2014 |
|---|---|---|---|
| Title | MATEI GEANTA ET AL. V. COMPASS HEALTH, INC. ET AL. | | |

**A. Res Judicata Bars Plaintiff from Representing a Class in this Matter**

As stated in this Court's Order Staying the Case (Dkt. No. 23), Geanta's First Amended Complaint alleges nine causes of action that are "substantially similar" and "virtually identical" to those of *Tacker*. Geanta's tenth claim is an individual claim for wrongful termination. (First Am. Compl. ¶¶ 92–96.) The Court will discuss res judicata as it applies to these two distinct groupings.

### 1. The Legal Standard for Res Judicata

Res judicata refers to prior litigation's potential to have a preclusive effect on an instant case. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984). "By precluding parties from contesting matters that they have had a full and fair opportunity to litigate, [this doctrine] protect[s] against the expense and vexation attending multiple lawsuits, conserve[s] judicial resources, and foster[s] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (internal quotation marks omitted) (quoting *Montana v. United States*, 440 U.S. 147, 153–54 (1979)). Res judicata applies when the following elements are present: "(1) an identity of claims in the two actions; (2) a final judgment on the merits in the first action; and (3) identity or privity between the parties in the two actions." *Akootchook v. United States*, 271 F.3d 1160, 1164 (9th Cir. 2001); *accord Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 323–24 (1971).

### 2. Res Judicata Precludes Geanta's Nine Class Claims Already Litigated in *Tacker*

In its motion to dismiss, Compass asserts that res judicata precludes Geanta from advancing the same nine class claims already litigated in *Tacker*. For the following reasons, the Court agrees.

#### a. The Two Actions Share an Identity of Claims

The first requirement of res judicata is an identity of claims. "The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (citation

Case 2:13-cv-07416-BRO-JCG Document 31 Filed 09/04/14 Page 6 of 8 Page ID #:585

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-07416 BRO (JCGx) | Date | September 4, 2014 |
|---|---|---|---|
| Title | MATEI GEANTA ET AL. V. COMPASS HEALTH, INC. ET AL. | | |

omitted). As stated in this Court's February 7, 2013 order, "the issues involved in the instant action and the *Tacker* action are substantially similar. Both involve wage and hour claims asserted by former employees of the same defendant, Compass Health Inc. And the causes of action alleged in the two lawsuits are almost identical." (Dkt. No. 23 at 1–2.) The Court presented the following chart to illustrate this point:

| Instant Action | *Tacker* Action |
|---|---|
| First Claim for **Failure to Pay Wages** | First Claim for **Failure to Pay Overtime Wages** |
| Second Claim for violations of **Fair Labor Standards Act** | Second Claim for violations of **Fair Labor Standards Act** |
| Fourth Claim for **Rest Period Violations** | Third Claim for **Rest Period Violations** |
| Third Claim for **Meal Period Violations** | Fourth Claim for **Meal Period Violations** |
| Seventh Claim for **Wage Statement Violations** | Fifth Claim for **Wage Statement Violations** |
| Fifth Claim for **Waiting Time Penalties** | Sixth Claim for **Waiting Time Penalties** |
| Sixth Claim for **Failure to Reimburse Employees for Business Expenses** | Ninth Claim for **Failure to Reimburse Employees for Necessary Expenditures** |
| Eighth Claim for **Unfair Competition** | Eighth Claim for **Unfair Competition** |
| Ninth Claim Under **Private Attorneys General Act** | Tenth Claim Under **Private Attorneys General Act** |
| Tenth Claim for Wrongful Termination | Seventh Claim for Failure to Maintain Accurate Records |

(Dkt. No. 23 at 2.) The Court went on to state that "the *only* dissimilar claims between the two actions are the tenth for wrongful termination in the instant lawsuit, and the seventh for failure to maintain accurate records in the *Tacker* lawsuit." (Dkt. No. 23 at 2.) (emphasis added).

There is no dispute that the facts underlying Geanta's claims are the same underlying the *Tacker* action. Indeed, Geanta was a class member of the *Tacker* action before he opted out of the settlement. (*See* Dkt. No. 23 at 2–3.) Thus, because these actions share "the same transactional nucleus of facts," the Court finds there to be a sufficient "identity of claims" to satisfy the first element of res judicata. *Cf. Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (finding an identity of claims where "[b]oth causes of action [we]re predicated on racial discrimination and allege the same circumstances regarding [plaintiffs'] terminations," even though "the current action also allege[d] retaliation and hostile work environment").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-07416 BRO (JCGx) | Date | September 4, 2014 |
|---|---|---|---|
| Title | MATEI GEANTA ET AL. V. COMPASS HEALTH, INC. ET AL. | | |

### b. The Approved Settlement Is a Final Judgment on the Merits

Next, the prior action must be a "final judgment on the merits." This Court entered final approval of the class action settlement in *Tacker* on May 14, 2014. *See Tacker*, 2:13-cv-02261-BRO-JCG (Dkt. No. 40). Under California law, "[a] court-approved settlement acts as a final judgment on the merits for the purposes of res judicata." *Consumer Advocacy Grp., Inc. v. ExxonMobil Corp.*, 168 Cal. App. 4th 675, 694 (Cal. Ct. App. 2008). Accordingly, the Court finds that the second element of res judicata is also satisfied.

### c. The Proposed Class Is the Same As in the *Tacker* Action

Finally, for res judicata to apply, the Court must find that the parties in the two actions were the same or in privity. "Privity between parties exists when a party is 'so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 n.3 (9th Cir. 2002) (quoting *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997)). As the Court has already explained, both this action and the *Tucker* action "involve wage and hour claims asserted by former employees of the same defendant, Compass Health Inc." (Dkt. No. 23 at 1–2.) The putative class that Plaintiff seeks to represent is thus the same as the class represented in *Tacker*.

Because the class that Geanta seeks to represent has already released its right to bring the claims that Geanta is alleging pursuant to a binding, final settlement order, the Court finds that the doctrine of res judicata bars Geanta from relitigating these claims. Accordingly, Geanta's class action allegations are hereby **DISMISSED with prejudice**.[2]

---

[2] Geanta also lacks standing to bring a class action on behalf of this class for claims arising after January 6, 2014, since he has not worked for Compass since then (First Am. Compl. ¶ 9) and has thus not suffered any damages during that timeframe. *See Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974))).

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-07416 BRO (JCGx) | Date | September 4, 2014 |
|---|---|---|---|
| Title | MATEI GEANTA ET AL. V. COMPASS HEALTH, INC. ET AL. | | |

### B. The Court Lacks Subject Matter Jurisdiction to Hear Geanta's Remaining Claim for Wrongful Termination

As discussed above, Geanta's nine class allegations that were already litigated in the *Tacker* matter are barred by res judicata.[3] That leaves Geanta with his one claim for wrongful termination. As Geanta brings this claim under California state law, the Court lacks subject matter jurisdiction to hear this claim. *See* 28 U.S.C. § 1331. Accordingly, the Court **DISMISSES** Geanta's wrongful termination claim **without prejudice** for lack of subject matter jurisdiction.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Compass's motion to dismiss for lack of subject matter jurisdiction. The Court VACATES the hearing set for September 8, 2014.

**IT IS SO ORDERED.**

:

Initials of Preparer          rf

---

[3] The Court need not determine whether Geanta would be precluded from bringing these claims as an individual.